95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN HOME PRODUCTS CORPORATION, Plaintiff-Appellant,
and
Herchel Smith, Plaintiff,
v.
JOHNSON & JOHNSON and Ortho Pharmaceutical Corporation,
Defendants-Appellees.
 No. 96-1334.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1996.
 
 Before ARCHER, Chief Judge, RICH and RADER, Circuit Judges.
 ON MOTION
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 Johnson & Johnson and Ortho Pharmaceutical Corporation (J & J) move to dismiss American Home Products Corporation's appeal for lack of jurisdiction. American Home Products opposes.
 
 
 2
 American Home Products sued J & J for patent infringement. The district court issued a preliminary injunction and directed American Home Products to post an "unlimited undertaking to indemnify [J & J] against all losses" for a wrongful injunction. J & J appealed the preliminary injunction and this court reversed. After trial, the jury found that J & J did not infringe the patent and we affirmed the judgment on appeal. For purposes of this order, we refer to this case as the underlying infringement action.
 
 
 3
 Meanwhile, J & J filed an action, the 1994 action, in the same district court seeking to recover damages pursuant to the undertaking. In that action, J & J moved for summary judgment concerning American Home Products' equitable defense. In the underlying infringement action, American Home Products moved to "discharge" on equitable grounds the undertaking it had previously posted. In two orders entered on the same date, the district court granted the motion for summary judgment and denied the motion to discharge. Both orders were related to the district court's "memorandum" explaining its determinations.
 
 
 4
 American Home Products proceeded with two courses of action concerning the district court's orders. American Home Products appealed the denial of the motion to discharge to this court. The present motion is J & J's motion to dismiss, as interlocutory, American Home Products' appeal in the underlying infringement action. American Home Products also petitioned the United States Court of Appeals for the Third Circuit for a writ of mandamus in which it argues that the district court lacks subject matter jurisdiction to resolve the undertaking issue in the 1994 action. The Third Circuit denied American Home Products' petition.
 
 
 5
 J & J argues that the district court's order denying American Home Products' motion to discharge is not a final order. We agree that American Home Products may not seek review of the denial of its motion to discharge at this time, although not precisely for the reasons argued by J & J.
 
 
 6
 The issues presented by the district court's order dismissing American Home Products' equitable defense and the district court's order denying American Home Products' motion to discharge are intertwined. The equitable issues in both actions concern alleged discovery misconduct in the original patent litigation. It appears that the district court considered the actions consolidated, especially for purposes of deciding the common issues. For example, in its order denying the motion to discharge in the infringement case, the district court referenced its memorandum concerning American Home Products' equitable defense. Further, the district court issued one order that denied American Home Products' motions for reconsideration in both cases.
 
 
 7
 Because these cases are apparently being treated as consolidated by the district court, the district court's order is not appealable at this time because it does not dispose of the entire matter. We note that the infringement case has been before this court on two previous occasions. An appeal of the disposition of American Home Products' attempts to recover for a wrongful injunction pursuant to the undertaking should encompass the district court's rulings on J & J's motion to discharge and the eventual disposition of the substantially related 1994 action. Both matters are related to this court's previous decisions concerning patent infringement and the preliminary injunction. Thus, an appeal of the final disposition of the matter related to the undertaking may properly be filed in this court once the entire proceeding is completed.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) J & J's motion to dismiss is granted.
 
 
 10
 (2) Each side shall bear its own costs.